IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SALLY OLINGER,

      Plaintiff,

     vs.                                                           No. CIV 01-1403 LH/DWS

ADECCO EMPLOYMENT SERVICES,
INC., d/b/a ADECCO, a Delaware
corporation,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

      This matter comes before the Court on the Defendant's Motion for Judgment as a Matter of Law or Alternatively, Motion for New Trial (Docket No. 105), filed May 9, 2003. The Court, having reviewed the briefs and trial transcripts submitted by the parties, the applicable law, and otherwise being fully advised, finds that the Defendant's Motion is **not well-taken** and should be **denied.**

**I. Motion for Judgment as a Matter of Law**

      The Defendant has, pursuant to FED. R. CIV. P. 50(b)(1)(C), renewed its Motion for Judgment as a Matter of Law on the ground that "...Plaintiff failed to present sufficient evidentiary basis for a reasonable jury to find in Plaintiff's favor on her sole claim of intentional discrimination under the New Mexico Human Rights Act...." "Judgment as a matter of law is warranted only if the evidence points but one way and is susceptible to no reasonable inferences supporting the party opposing the motion." *Lantec, Inc. v. Novell, Inc.*, 306 F.3d 1003, 1023

(10th Cir. 2002).

This Court has determined three times previously that the Plaintiff's case presented questions of fact that must be decided by the jury and that it was inappropriate for the Court to render judgment as a matter of law.[1]  The Defendant has made no arguments in support of its present Motion that the Court has not already deemed unpersuasive. Sufficient evidence and factual issues existed to present this case to a jury,[2] *see* FED. R. CIV. P. 56(b), and for a reasonable jury to have decided as it did, *see* FED. R. CIV. P. 50(b).  This Court will not invade the province of the jury.  The Defendant's Motion for Judgment as a Matter of Law is therefore denied.

## II. Motion for New Trial

The Defendant argues in the alternative that "due to the prejudice occasioned by the Court's admission of 'stray remarks' attributed to a non-decision maker, Georgia Montoya, the lack of substantial evidence supporting the jury's verdict and the errors of law in the Court's instructions to the jury" it is entitled to a new trial pursuant to FED. R. CIV. P. 59(a).  The authority to grant a new trial is confided almost entirely to the exercise of discretion on the part of the trial court.  *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 36 (1980).  "...[A] federal trial judge has a broad discretion in the area of granting or refusing to grant a motion for new trial, and

---

[1] The Court denied the Defendant's Amended Motion for Summary Judgment (Docket No. 29), filed Sept. 18, 2002, because genuine issues of material fact existed that were required to be decided by the jury. At trial, the Court denied the Defendant's oral Motions for Judgment as a Matter of Law, both at the close of the Plaintiff's case and at the close of all the evidence. The standard for granting a motion for summary judgment pursuant to FED. R. CIV. P. 56 "mirrors" the standard for granting a motion for judgment as a matter of law and "the inquiry under each is the same." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-51.

[2] This should come as no surprise, as summary judgment is rarely appropriate for determining "nebulous" issues of intent or motivation as those to be decided here. *Setliff v. Memorial Hosp. of Sheridan County*, 850 F.2d 1384, 1393 n.12 (10th Cir. 1988). Because the standard for granting a motion for summary judgment "mirrors" that for granting judgment as a matter of law, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-51, it therefore follows that it is likewise inappropriate to determine the questions of intent to be decided in this case on a motion for judgment as a matter of law.

the decision of a district court judge will not be reversed absent a gross abuse of discretion." *Holmes v. Wack*, 464 F.2d 86, 89 (10th Cir. 1972).

A. Attributing "stray remarks" to a non-decision maker

This Court admitted certain comments of Defendant Adecco's office manager Georgia Montoya, and had the discretion to do so. *See* FED. R. EVID. 403; *United States v. McVeigh*, 153 F.3d 1166, 1188-89 (10th Cir. 1998). The Court conducted the appropriate balancing test and determined that the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. FED. R. EVID. 403.

The Defendant cites *Cone v. Longmont United Hosp. Ass'n*, 14 F.3d 526, 531 (10th Cir. 1994) for the proposition that the "isolated comments" of one without the authority to make decisions on behalf of the Defendant "are insufficient to show discriminatory animus in termination decisions" and the jury's verdict is therefore not supported by sufficient evidence. But even if, as the Defendant now argues, those comments cannot alone be sufficient to establish the Defendant's discriminatory intent, it obviously does not follow that admitting those comments into evidence somehow establishes the absence of such intent.

Other evidence permitted the jury to infer that the Ms. Montoya influenced the Defendant's decision to terminate the Plaintiff. *See Danville v. Regional Lab Corp.*, 292 F.3d 1246, 1251 (10th Cir. 2002) (holding that allegedly ageist remark by unidentified person at meeting of defendant company's hiring committee was not "stray" and was "circumstantial evidence from which an inference of discriminatory intent might be drawn"). The very paragraph of *Cone* cited by the Defendant states this proposition clearly: "Age-related comments referring

directly to the worker may support an inference of age discrimination." 14 F.3d at 531. Even the Defendant notes in its Memorandum in Support of its Motion that the comments in question related directly to the Plaintiff. This Court acted well within the bounds of its discretion to admit or exclude evidence at trial.

B. Substantial evidence

Questions of fact properly decided by the jury existed, making submission of the case to the jury proper. Sufficient evidence existed for a reasonable jury to have found for the Plaintiff. This Court will not invade the province of the jury.

C. Jury Instructions

The Defendant claims that the Court's instructions to the jury improperly failed to inform it of the appropriate burden of proof and "allowed the jury to find liability without every finding that the Defendant was motivated by impermissible discrimination." The Court's instructions including the following:

> However, Plaintiff is the party that bears the ultimate burden of proving to you, the jury, by a preponderance of the evidence, that Defendant's decision was an intentional one that was based at least partially on Plaintiff's age.
> Remember, the ultimate question you must decide is whether or not the Defendant intentionally discriminated against the Plaintiff based on her age, by terminating her employment.
> Under [the New Mexico Human Rights Act] it is unlawful for an employer to intentionally terminate an employee based on her age.
> If you find that Defendant did terminate Plaintiff against her will, then you must decide whether Plaintiff has proven that Defendant's decision to terminate her was partially motivated by her age, that is, that her age was one of the reasons that prompted Defendant to terminate her employment.
> A plaintiff's mere belief that Defendant's explanation is pretextual or that she was treated unfairly, in and of itself, is insufficient as a matter of law to prove age discrimination.

The jury was properly instructed on both its duty and the burden of proof.

The Defendant also claims that it was reversible error to include in the jury's instructions the burden-shifting analysis articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 807 (1973).  It was not.  It may be true that "[c]ourts throughout the country have disapproved of jury instructions setting out the *McDonnell Douglas* burden-shifting analysis as unnecessary and confusing to the jury."  Defendant's Memorandum in Support of Motion at 10.  However, none of those opinions are binding on this Court and none of those courts were deciding cases according to the New Mexico Human Rights Act, N.M. STAT. ANN. § 28-1-7(A).  Moreover, "...while most courts of appeals would agree that it is normally inappropriate to instruct the jury on the *McDonnell Douglas* analysis, seldom is it held to be reversible error for a trial court to do so as long as the instruction summarizes the law accurately."  *Brown v. Packaging Corp. of Am.*, 338 F.3d 586, 593 (6th Cir. 2003).  The instructions to the jury correctly and adequately advised them of the law to be applied in this case.  There was no error in the instructions.

**IT IS, THEREFORE, ORDERED** that Defendant's Motion for Judgment as a Matter of Law or, alternatively, Motion for New Trial should be, and hereby is, **denied**.

**IT IS SO ORDERED**

_____
**SENIOR UNITED STATES DISTRICT JUDGE**