IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SALLY OLINGER,

       Plaintiff,

       vs.                                                      No. CIV 01-1403 LH/WDS-ACE

ADECCO EMPLOYMENT SERVICES,
INC., d/b/a/ ADECCO, a Delaware
corporation,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiff's Motion for Attorney's Fees (Docket No. 107). The Court, having considered the pleadings submitted by the parties, the applicable law, and otherwise being fully advised, finds that the Application is **well taken** and should be **granted**.

### I. Background

This matter was tried to a jury on the Plaintiff's claim that her employment with the Defendant corporation was terminated due to her age in violation of the New Mexico Human Rights Act, N.M. STAT. ANN. 28-1-1, et seq. (2003) [hereinafter NMHRA or the Act].[1] The jury

---

[1] The Plaintiff originally filed this suit in New Mexico state court, but the Defendant removed it to this Court. The Court granted the Plaintiff's first motion to remand because the Defendant had failed to establish that the jurisdictional minimum amount in controversy had been satisfied, but denied the second, finding the amount in controversy sufficient. Order (Docket No. 14), filed May 2, 2002.

returned a special verdict for the Plaintiff in the amount of $17,500, and the Plaintiff timely moved for attorney's fees. The Act provides, "[i]n any action or proceeding under this section if the complainant prevails, the court in its discretion may allow actual damages and reasonable attorney's fees, and the state shall be liable the same as a private person." N.M. STAT. ANN. 28-1-13D (2003).

## II. Discussion

A. Prevailing Party

By any definition, the Plaintiff was the prevailing party in this litigation. The New Mexico Supreme Court has held that "[t]he prevailing party is the party who wins the lawsuit--that is, a plaintiff who recovers a judgment or a defendant who avoids an adverse judgment." *Marchman v. NCNB Tex. Nat'l Bank*, 120 N.M. 74, 95, 898 P.2d 709, 730 (1995). The jury returned a special verdict form (Docket No. 101) that read, in pertinent part, "Did Defendant discriminate against the Plaintiff in violation of the New Mexico Human Rights Act? Answer: Yes." The Judgment entered by this Court (Docket No. 102) read, in pertinent part, "It is therefore ordered, adjudged, and decreed, judgment be, and hereby is entered in favor of the Plaintiff, Sally Olinger, and against the Defendant for damages in the amount of $17,500.00."

"Analogous principles for addressing the award of attorney's fees may be found in federal civil rights cases." *Gonzales v. New Mexico Dep't of Health*, 2000-NMSC-029 ¶ 35, 11 P.3d 550, 561.

> [T]o qualify as a prevailing party, a civil rights plaintiff must obtain at least some relief on the merits of his claim. The plaintiff must obtain an enforceable judgment against the defendant from whom fees are sought, or comparable relief through a consent decree or settlement. Whatever relief the plaintiff secures must directly benefit him at the time of the judgment or settlement....In short, a plaintiff

> "prevails" when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff....A judgment for damages in any amount, whether compensatory or nominal, modifies the defendant's behavior for the plaintiff's benefit by forcing the defendant to pay an amount of money he otherwise would not pay....[W]e hold that the prevailing party inquiry does not turn on the magnitude of the relief obtained.

*Farrar v. Hobby*, 506 U.S. 103, 111-14 (1992) (internal citation and quotation marks omitted).

Furthermore, there is a general policy favoring the award of attorney's fees in civil rights cases in order to encourage attorneys to take such cases. *See Lucero v. Aladdin Beauty Colleges, Inc.*, 117 N.M. 269, 271, 871 P.2d 365, 367 (1994). Whether judged by the New Mexico Supreme Court's definition or the analogous federal standards, the Plaintiff was the prevailing party in this litigation and should be awarded her attorney's fees.

B.  Amount of Fees

To begin, New Mexico law governs the attorney's fees issue. *First Nat'l Bank v. Fidelity & Deposit Ins. Co.*, 196 F.3d 1186, 1188-89 (10th Cir. 1999) (applying state law permitting fee award in diversity suit); *Parks v. American Warrior, Inc.*, 44 F.3d 889, 894 (10th Cir. 1995) (holding attorney's fees were properly awarded in diversity suit under state statute that provided for fees). In applying the attorney's fees provision of the NMHRA, N.M. STAT. ANN. 28-1-13D (2003), the New Mexico Supreme Court wrote,

> In determining the reasonableness of a fee award, a court should consider a variety of factors, including: (1) the time and effort required, considering the complexity of the issues and the skill required; (2) the customary fee in the area for similar services; (3) the results obtained and the amount of the controversy; (4) time limitations; and (5) the ability, experience, and reputation of the attorney performing the services.

*Smith v. FDC Corp.*, 109 N.M. 514, 522, 787 P.2d 433, 441 (1990) (internal citations omitted).

The first factor is "the time and effort required, considering the complexity of the issues

and the skill required." *Id.* Although filed under the NMHRA as opposed to federal statutes, this case closely resembled many employment discrimination claims before this Court. The issues involved were not unusually complex, but required significant time and effort. It must also be borne in mind that the Plaintiff's attorney's fees would not be nearly as great as they are had her attorney not been forced to respond to nearly every conceivable motion that the Defendant could have made, some of which were largely without merit.[2] Having prolonged and complicated this litigation beyond reasonable bounds, the Defendant should not now be heard to argue that the Plaintiff's fee request is excessive.

The second factor is "the customary fee in the area for similar services." *Id.* The Plaintiff asserted, and the Defendant has not disputed, that the requested hourly rates are reasonable and within the customary range of fees in this area for similar services. The hourly rate of the Plaintiff's attorney, J. Edward Hollington, is $190 per hour. The retired attorney with whom he associated for research and drafting purposes, Janet Tooley, charges $35 per hour. Mr. Hollington's paralegals charge $60 per hour. The Court agrees that these rates are reasonable, considering the experience and expertise of the attorneys and staff involved.

The third factor, "the results obtained and the amount of the controversy," *id.*, is

---

[2]The Defendant moved for Summary Judgment (Docket No. 29), despite precedent holding that summary judgment is rarely appropriate for determining "nebulous" issues of intent or motivation as those to be decided in this case. *Setliff v. Memorial Hosp. of Sheridan County*, 850 F.2d 1384, 1393 n.12 (10th Cir. 1988). When this Court properly denied that motion (Docket No. 41), finding that genuine issues of material fact existed, the Defendant moved for reconsideration, arguing that a case cited by the Court in denying its Motion for Summary Judgment "is in fact readily distinguishable from the present case." Defendant's Motion for Reconsideration of Summary Judgment at 1. That motion, not surprisingly, was also denied. (Docket No. 52).

At trial, the Defendant made oral Motions for Judgment as a Matter of Law, both at the close of the Plaintiff's case and at the close of all the evidence. The standard for granting a motion for summary judgment pursuant to FED. R. CIV. P. 56 "mirrors" the standard for granting a motion for judgment as a matter of law and "the inquiry under each is the same." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-51. The Court therefore denied those motions as well. The Defendant then made post-trial motions for judgment as a matter of law or, in the alterative, for a new trial, raising sufficiency of the evidence arguments that had been addressed three times previously. Defendant's Motion for Judgment as a Matter of Law or, alternatively, Motion for New Trial (Docket No. 105). The Court denied those motions as well. Order (Docket No. 125), filed October 17, 2003.

significant in determining the amount of fees to award and a factor the New Mexico Supreme Court has weighed heavily in its attorney's fees precedent. *See, e.g.*, *Hensley*, 461 U.S. at 434; *Smith*, 109 N.M. at 522, 787 P.2d at 441; *Aguilar v. Penasco Indep. Sch. Dist.*, 100 N.M. 625, 630, 674 P.2d 515, 520 (1984). The Plaintiff has requested a total of $72,447.35 in fees for work by two attorneys and four paralegals. This request is excessive and will not be granted in full. While the Court has found that the Plaintiff was the prevailing party in this litigation, her recovery was not as great as she had hoped or sufficient to justify awarding the entirety of her fee request. The jury awarded just $17,500, less than one-fourth of the requested attorney's fees. The amount of the Plaintiff's recovery will limit the amount of attorney's fees that are awarded.

The fourth factor is "time limitations." *Smith*, 109 N.M. at 522, 787 P.2d at 441. The Plaintiff asserts that there were no significant time limitations imposed by the client or the circumstances, and there appear to have been none. This factor therefore has little relevance here. The Plaintiff also argues that the fifth factor, "the ability, experience, and reputation of the attorney performing the services," *id.*, support her fee request and there is nothing in the case to refute this assertion.

In sum, the Plaintiff seeks fees for 309.73 hours of work by Mr. Hollington, having conceded six hours of travel time to the deposition of Margaret Dunwoody. She also seeks to recover fees for 185.37 hours of work by paralegals and 30.5 hours by Ms. Tooley. The Plaintiff has requested fees for a number of items for which fees will not be awarded, however. First, the Plaintiff requested $1,240.51 in "out-of-pocket expenses" listed in Exhibit D to the Memorandum in Support of Plaintiff's Motion for Attorney's Fees. These items, such as copies, postage, long-distance faxes, and courier charges, were not included in the Plaintiff's cost bill, which has already been decided. These items are not properly considered attorney's fees and will not be

awarded now.

Secondly, the Defendant has contested ten hours of work billed as "updating" files and indices, for which the Plaintiff will not recover here.  The Plaintiff seeks to recover fees for another three hours of work performed by paralegals which the Defendant argues is done by secretaries in other law offices and therefore should not be reimbursed.  These tasks include preparing a notice of deposition, confirming the scheduling of a deposition, and copying documents.  These will also be excluded.

These calculations result in 309.73 hours for Mr. Hollington, 30.5 for Ms. Tooley, and 172.37 for paralegals.  Mr. Hollington's rate of $190 per hour results in $58,848.70 in fees.  Ms. Tooley's rate of $35 per hour results in fees of $1,067.50.  The paralegal rate of $60 per hour results in $10,342.20 in fees.  The sum of these amounts is $70,258.40.

However, due to the third and most important factor, "the results obtained and the amount of the controversy," *id.*, the resulting fee amount will be reduced across the board.  "If a plaintiff has obtained only partial success, an award determined by using the hours spent on the whole litigation may be excessive," *Gonzales*, 2000-NMSC-029 ¶ 35, 11 P.3d at 561, and certainly is in this case.  "A factor to be considered in awarding an attorney fee is the relative success of the worker in the court proceeding....The fee awarded must be reasonable in relation to the success obtained."  *Aguilar*, 100 N.M. at 630, 674 P.2d at 520 (1984).

The Court finds that, as a reasonable fee in relation to the jury verdict in this case, the Plaintiff shall recover thirty percent of the requested amount: $21,077.52.  This resulted is supported by "analogous principles...in federal civil rights cases."  *Gonzales*, 2000-NMSC-029 ¶ 35, 11 P.3d at 561.  "The product of reasonable hours times a reasonable rate does not end the inquiry.  There remain other considerations that may lead the district court to adjust the fee

upward or downward, including the important factor of the ' results obtained.'" *Hensley*, 461 U.S. at 434.  "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee....If, on the other hand, a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount."  *Id.* at 435.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Attorney's Fees should be, and hereby is, **granted**.

**IT IS FURTHER ORDERED** that the Defendant pay the Plaintiff's attorney's fees in the amount of $21,077.52.

**IT IS SO ORDERED.**

_____
**SENIOR UNITED STATES DISTRICT JUDGE**